UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN TAYLOR, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00208-JRS-DLP |
| BRIAN SMITH (Warden), | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Stephen Taylor for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 19-03-0108. For the reasons explained in this Entry, Mr. Taylor's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On March 4, 2019, intelligence analyst T. Maslin reviewed recorded phone calls between Offender Taylor, Deja Flores, and Yasar Burnett. Dkt. 10 (*ex parte*) (Confidential Case File 19-03-00108). On March 8, 2019, T. Maslin wrote a conduct report charging Mr. Taylor with conspiracy to engage in trafficking (A-111 and A-113). Dkt. 8-1. The conduct report stated:

> On 03/08/19 at approx. 07:45 AM recorded phone calls were reviewed by OII MASLIN #339 that clearly indicates offender TAYLOR #133543 was conspiring to engage in trafficking into Putnamville Correctional Facility.
> During the call placed on 12/04/18 at 16:09 PM in 15 N phone A #1 at approx 02:02 into the call offender TAYLOR #133543 states: "he said you need to call him and pull up on him soon. He got what I need. Probably be about 450 and you probably give about 450. You remember how I said to how to get them together? Just yes or no" Callie: "yes".
> During the call placed on 12/04/18 at 22:45 PM 15 N phone B #3 at approx 01:03 into the call TAYLOR states "you ever text YAY back or you gonna wait?" Callie: I will in the morning, he is one of your weird friends." Taylor: 371-6570 Callie: i think he is weird Taylor: i do need you and be like Mikey said did you figure out the ticket on them and tell him that at least try and get to text him 40 or something like that" Callie: "i will say that" Taylor: "i love you and text Yay"
> During the call placed on 12/10/18 at 16:20 IN 11N phone A #1 at approx. 03:49 offender TAYLOR states: " you aint gonna have no problem doing what you have to do Friday do you?" Callie: "no baby" Offender TAYLOR: "ok I wont say no more"

*Id.* (errors in original).

On March 14, 2019, Mr. Taylor was notified of the charge and his rights. Dkt. 8-2. Mr. Taylor pleaded not guilty and did not request any witnesses or physical evidence. *Id.* Mr. Taylor requested a lay advocate, and one was appointed. *Id.*; dkt. 8-3.

A disciplinary hearing for case ISF 19-03-0108 was held on March 18, 2019. Dkt. 8-4. Mr. Taylor provided the following statement: "[a]ll I was trying to do is move money to another location it was around Christmas time to take care of my kids." *Id.* Based on staff reports, Mr. Taylor's statement, and the recorded phone calls, the hearing officer found Mr. Taylor guilty of

A-111 and A-113, conspiracy to engage in trafficking. *Id*. The hearing officer imposed the following sanctions: a 45-day loss of phone privileges, 90 days lost earned credit time, and a credit class demotion. *Id*.

On March 19, 2019, Mr. Taylor filed a first-level appeal challenging the disciplinary conviction. Dkt. 8-5. He claimed that his conviction violated his due process rights of "evidentiary fact-finding," his phone calls initiated "an arbitrary assumption" that he was conspiring to traffic into the correctional facility, that he is involved in "business ventures outside of prison to provide my children financial security," and that he was "found guilty based on assumption." *Id*. He further stated that his character, integrity, and freedom were being unduly attacked. *Id*. His first appeal was denied on March 26, 2019. *Id*. Mr. Taylor's second level appeal was denied on April 16, 2019. Dkt. 8-6.

### C. Analysis

Mr. Taylor alleges that his due process rights were violated in the disciplinary proceeding. His claims are that: (1) there was insufficient evidence to support the charge; (2) he was not placed on investigation for the charge and there was no concrete evidence of trafficking; (3) this is his first infraction of this nature; (4) his appeal was not heard by the facility head as stated by policy. Dkt. 1 at 3.

Mr. Taylor's first two claims are that there was insufficient evidence to find him guilty. Offense A-113, trafficking, is defined as "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." Dkt. 8-8 at 2.

Mr. Taylor alleges that the phone conversation was about a friend picking up some money that was owed to Mr. Taylor. Dkt. 1 at 3. "Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the confidential investigation and conduct report contain sufficient evidence to support the charge that unauthorized drugs or drug paraphernalia were going to be brought into the facility. This claim fails.

The respondent argues that the remaining claims are procedurally defaulted and are not cognizable claims because they are based on prison policies, not federal law. The Court agrees. Petitioners must exhaust their administrative remedies before seeking relief in disciplinary habeas corpus cases. 28 U.S.C. § 2254(b)(1)(A). Mr. Taylor only challenged the sufficiency of the evidence in his appeals. "Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin v. Zatecky,* 749 F. App'x 463, 464 (7th Cir. 2019). Mr. Taylor has not demonstrated cause and prejudice.

Even if the remaining claims had not been procedurally defaulted, Mr. Taylor's claims that Indiana Department of Correction (IDOC) policy required an investigation (there was, in fact, an investigation), that the fact that it was his first offense should have been considered, and that his

appeal was not heard by the final reviewing authority, fail on the merits. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution," *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015), not based on prison policy. None of the claims based on IDOC policy are cognizable habeas claims.

Mr. Taylor was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Taylor's due process rights.

### D. Conclusion

For the above reasons, Mr. Taylor is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/9/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEPHEN TAYLOR
133543
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss  
INDIANA ATTORNEY GENERAL  
natalie.weiss@atg.in.gov